IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. ARRUDA                    *
       Plaintiff,
  v.                                 *   CIVIL ACTION NO. JFM-07-697

STATE OF MARYLAND                    *
       Defendant.
                                        ***

## **MEMORANDUM**

On September 28, 2004, Maryland Division of Correction inmate Michael L. Arruda ("Arruda") filed an action construed as a 42 U.S.C. § 1983 civil rights complaint for damages. *See Arruda v. State Attorney for Harford County*, Civil Action No. JFM-04-3091 (D. Md.). Arruda claimed that in 1999, he was wrongfully arrested and subsequently convicted of a robbery of a local Burger King restaurant in Edgewood, Maryland.[1] He requested compensatory damages of $500.00 for each day of his confinement. On October 1, 2004, the complaint was dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

Arruda has filed this new civil rights action, asserting that he is now "in compliance with *Heck*." Paper No. 1. He states that on January 31, 2007, Harford County Circuit Court Judge Waldron granted post-conviction relief on grounds of ineffective assistance of counsel and *Brady v. Maryland*, 373 U.S. 83 (1963), and ordered a new trial. *Id*. Arruda is now detained at the Harford

---

[1] Arruda complained that although an initial suspect was apprehended and identified, and later confessed to the crime, the State's Attorney for Harford County released the suspect without filing formal charges because the suspect's wife worked at the fast food restaurant and the suspect did not have a criminal record. *See Arruda v. State Attorney for Harford County*, Civil Action No. JFM-04-3091 at Paper No. 1. Arruda asserted that he was arrested because he had a criminal record. He claimed that the prosecutor's actions were thus discriminatory in nature and that he was a victim of "vindictive prosecution."

County Detention Center, where he is awaiting re-trial.[2] *Id.* He again complains that the prosecutor withheld evidence of a confession from another individual and asks this court to release him from confinement and award him $500.00 for every day he has been imprisoned.

While his criminal convictions have been overturned on collateral review, Arruda is being retried on the charges. Although *Heck* did not address the situation where a prisoner has had his conviction reversed but then faces retrial, the Fifth Circuit has squarely addressed that situation on more than one occasion.[3] *See, e.g., Clay v. Allen,* 242 F.3d 679, (5th Cir. 2001); *Davis v. Zain,* 79 F.3d 18, 19 (5th Cir. 1996). These two cases demonstrate that there is no *per se* rule against allowing a § 1983 suit that grew out of an invalid conviction to move forward when plaintiff faces retrial. Rather, applying *Heck,* the district court must look to the facts of the specific case at hand to determine whether a victory in the § 1983 suit would impact the pending retrial or potentially lead to inconsistent results. *Clay,* 242 F.3d at 680. If no such conflict exists under the facts of the case, then the § 1983 suit should go forward. *See id.*

Arruda's claims go to fundamental issues of exculpatory evidence and innocence which could affect the pending retrial and necessarily imply invalidity of the pending criminal charges.

---

[2] According to the Maryland court docket in April of 2000, Arruda pleaded guilty to charges of armed robbery, first degree assault, wearing and carrying a deadly weapon with intent to injure, theft over $300.00, and false imprisonment. *See State v. Arruda*, Criminal No. 12K99000295 (Circuit Court for Harford County). Also, in *State v. Arruda*, Criminal No. 12K99001165 (Circuit Court for Harford County), Arruda was acquitted of three counts of armed robbery, but convicted of three counts of first degree assault in April of 2000. He was sentenced in July of 2000. A post-conviction hearing was held as to both cases in 2006, and according to Arruda, in January of 2007, Judge Waldron issued a decision in his favor. The Maryland court docket shows that the State's application for leave to appeal the post-conviction ruling remains pending in the Court of Special Appeals of Maryland. The court docket further indicates that re-trial is currently scheduled for May 29, 2007, and that the defense has filed a motion to dismiss with prejudice and a motion to compel discovery.

[3] The United States Court of Appeals for the Fourth Circuit has not addressed this precise issue

Consequently, before seeking compensatory damages under § 1983, he must wait for resolution of the pending criminal prosecution to fully play out. *See Smith v. Holtz,* 87 F.3d 108, 113 (3rd Cir. 1996) (federal civil rights claim that would, if successful, necessarily imply invalidity of conviction in pending criminal prosecution does not accrue while potential for judgment in pending criminal prosecution exists). A separate Order follows dismissing this case without prejudice.[4]


Date: March 27, 2007                                /s/
                                                    J. Frederick Motz
                                                    United States District Judge

---

[4] Arruda has not filed a motion to proceed in forma pauperis. He states, however, that he is without the funds to pay the filing fee. In light of the dismissal of this case, Arruda shall not be required to file the appropriate motion. His fee waiver request shall be granted.